## J. H. LOGAN V. THE STATE.

### No. 10706.  Delivered March 9, 1927.

### Rehearing granted June 15, 1927.

**1.—Assault to Murder—Charge of Court—How Considered—Rule Stated.**

The charge of the court is considered on appeal in its entirety. Appellant's criticisms of paragraphs 8 and 9 of the court's main charge, are obviated in the light of paragraph 19 and no error is shown, this is also true as to many other exceptions to the court's main charge.

**2.—Same—Arrest Without Warrant—Rule Stated.**

Where an offense is committed in the presence of an officer, and the offender flees, the officer has the right to pursue and arrest the offender without a warrant, and to command the citizens of the county to aid him in making such arrest, and those so commanded have the same legal rights that the law gives to the officer. The court's charge correctly submitted this issue to the jury. See Arts. 95 and 212, C. C. P.

**3.—Same—Requested Charge—Covered by Main Charge—Properly Refused.**

Appellant's requested charge on adequate cause, was fully covered by the court's main charge, and there was no error in refusing it. See Sargeant v. State, 35 Tex. Crim. Rep. 325.

**4.—Same—New Trial—Properly Refused.**

There was no error in refusing appellant a new trial based upon the

fact that one of the jurors who sat upon his trial could not read and write. See De Armond v. State, 80 Tex. Crim. Rep. 145.

ON REHEARING.

5.—Same—Charge of Court—On Apparent Danger—Omission Error.

Where the evidence raises the issue of self-defense both from real and apparent danger, as it does in this case, the trial court should affirmatively submit such issue in his charge, applying the law of the facts, and the failure to so charge will necessitate the reversal of the case.

Appeal from the District Court of Franklin County. Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction for an assault to murder, penalty four years in the penitentiary.

The opinion states the case.

*Ramsey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellant was convicted of assault with intent to murder, and the punishment is four years confinement in the penitentiary.

Late in the afternoon, previous to the commission of the alleged offense that night, appellant and his sister were in the town of Mt. Vernon. They had some trouble with a white boy named John Holland, Jr., resulting in Holland kicking and assaulting the sister of appellant and appellant shooting John Holland, Jr., after which appellant fled, and ran from the scene of the shooting some distance to the home of his father in the country. Immediately after the shooting of the said Holland, the constable and deputy constable and Mitchell Rutland, the injured party, started in search of appellant for the purpose of arresting him. They went to the home of the father of the appellant, where they secreted themselves and awaited appellant's arrival. When appellant arrived, according to his testimony, someone began shooting at him, while, according to the state's testimony, he was commanded to throw up his hands and consider himself under arrest. Appellant threw up one hand when Rutland, who made the command, advanced toward appellant with his pistol drawn, and appellant fired at Rutland, this shot going wild. Rutland then opened fire on appellant and appellant fired again, the shot striking Rutland in the shoulder. Appellant was shot a number of times in the difficulty that ensued.

The facts further disclose that Rutland was not an officer, was only a private citizen and had not seen the difficulty in town between the appellant and the said Holland, and that none of the party had a warrant for the arrest of the appellant. It was the shooting of Rutland for which appellant was convicted.

The appellant's defense was that he did not know that Rutland was an officer or was attempting to arrest him; that he did not know the authority or capacity in which Rutland was acting at the time he fired; that he fired at Rutland in self-defense; that he thought Rutland was a member of a mob or posse seeking to kill him; that as he fled from the scene at Mt. Vernon, he heard someone shout, "Kill that negro," and he feared that he would be mobbed; that as soon as he ascertained they were officers seeking to arrest him he surrendered.

The appellant filed timely objections and exceptions to paragraphs 8 and 9 of the court's main charge, complaining that the court, in his charge on self-defense, charged only from the point of view of real danger or actual attack and did not submit the issue of apparent danger as raised by the evidence. We are unable to agree with appellant's contention when we consider paragraphs 8 and 9 of the court's main charge in connection with the second paragraph of paragraph 19 of the court's main charge, for the reason we find that both the issues of apparent danger and real attack were submitted to the jury for their consideration and that the rights of the appellant in this respect were amply protected.

Appellant further objected and excepted to paragraphs 10, 11, 12, 13, 14, 15, 16, 17 and 18 of the court's main charge. We have carefully considered each of appellant's objections and exceptions. Paragraph 10 of the court's main charge is based upon Art. 212, C. C. P., and correctly charges the law, subject, however, to criticism with respect to the statement that the officer making an arrest is justified in any act necessarily done in making a lawful arrest. This principle is not correct. However, this paragraph of the court's charge, when considered in connection with paragraph 12 of the court's main charge, presents no reversible error, for in paragraph 12 the court instructed the jury that they would have to first believe that the said D. M. Rutland, the injured party, was using only such force as was reasonably necessary to secure the arrest and detention of the accused. Art. 241, C. C. P.

Art. 95, C. C. P., reads as follows:

"When any officer authorized to execute process is resisted, or when he has sufficient reason to believe that he will meet with

resistance in executing the same, he may command as many of the citizens of his county as he may think proper; and the sheriff may call any military company in the county to aid him in overcoming the resistance, and, if necessary, in seizing and arresting the persons engaged in such resistance."

The appellant and his sister had a difficulty in the town of Mount Vernon which finally culminated in the appellant shooting one John Holland, Jr. This occurred in the presence of Deputy Constable Inman, who pursued the appellant some distance but without avail. He and the constable then commanded the said Rutland, the injured party, to go with them and assist them in seizing and arresting the person of the appellant. This paragraph of the court's charge was called for by the facts and presents no·error.

Under the facts in this case, and under Art. 95, C. C. P., the injured party, Rutland, was clearly within his rights in going with the constable and deputy constable in pursuit of the appellant for the purpose of aiding them in seizing and arresting the appellant, and they were within the law in endeavoring to arrest the appellant without a warrant in view of Art. 212, C. C. P., which reads as follows:

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace'."

The facts show that the appellant shot the said John Holland, Jr., in the presence of the officer Inman and fled, and, at the time of the alleged assault upon the said Rutland, was approaching his, appellant's, home in a dead run some four miles from the scene of the assault upon Holland.

The learned trial judge ably protected the rights of the appellant in paragraph 19 wherein he instructed the jury that if they had reasonable doubt as·to whether or not the appellant knew that the said D. M. Rutland was attempting to arrest appellant in a lawful manner and with lawful authority to do so, or as to whether or not appellant knew said Rutland was attempting to prevent the escape of appellant and was acting lawfully in doing so, then, in that event, the jury would find that appellant had the right to defend himself, as defined in preceding paragraphs of the court's main charge.

Appellant contends that the court should have given his specially requested charge No. 6. We are unable to agree with this contention. The court charged the jury that in determining the question of adequate cause, as well as all other matters before

them, to consider all the facts and circumstances in evidence in the case. This left the jury absolutely untrammeled to review all the evidence in the case in connection with the assault upon the said Rutland by the appellant in order to determine adequate cause and ascertain whether or not appellant's mind was influenced thereby. This was sufficient. Sargent v. State, 35 Tex. Crim. Rep. 325.

There is but one bill of exception in the record, and it complains at the action of the learned trial judge in overruling appellant's motion for a new trial based upon the fact that the juror J. B. Bryan could not read and write. The question raised by this bill of exception was disposed of adversely to the contention of appellant in the case of De Arman v. State, 80 Tex. Crim. Rep. 147, 189 S. W. 145.

There being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### OPINION ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The court charged the jury on self-defense; the charge was excepted to as only presenting said issue from the viewpoint of an actual attack by Rutland, the injured party, and not from the viewpoint of apparent danger. In paragraph 8 of the charge, in laying down the general principles applicable, the court told the jury that a party can use such force as is necessary if it appears to him from his standpoint at the time that he is in danger; but in paragraph 9 of the charge, applying this general principle to the facts in the particular case, the learned trial judge told the jury that if they believed "Rutland had made an attack on him," etc., they should acquit. Manifestly this is not a correct announcement of the law applicable to the rights of the accused if the facts showed, or tended to raise the issue, that he believed Rutland, or the man confronting him as he entered his father's house, had a pistol in his hand, and if they believed it reasonably appeared to the appellant from his standpoint at the time that his life was in danger from a threatened attack by the party having such pistol. Appellant swore that he thought a mob was after him at the time. He said he had heard someone call out to "kill

that negro" as he fled from the scene of a prior trouble.   Mr. Rutland testified that he had known appellant eight or ten years, but did not recognize him that night when they met in the yard just before the shooting.   Witness further swore that he told the man approaching to stop and throw up his hands and consider himself under arrest.   Appellant swore that he did not hear Rutland make any such statement.   He further said the first man he saw when he approached his father's house that night, was after he had been shot.

In this condition of the record the court gave paragraph 19 of the charge, which is as follows:

"However, in this connection you are instructed that if you have a reasonable doubt as to such fact that the defendant did not know that B. M. Rutland was attempting to arrest him in a lawful manner and with lawful authority to do so, if you find he was so doing, or was attempting to prevent his escape and was acting lawfully in doing so, if you find he was so doing, if he was trying to escape, then in that event the defendant would have a right to defend himself as defined to you in preceding paragraphs of this charge."

This was excepted to as shifting the burden of proof and as not presenting appellant's right of self-defense from the viewpoint of the defendant.   It is clear that the concluding part of said paragraph quoted, wherein the right of the accused to defend himself is given him only "as defined in preceding paragraphs of this charge"—in the event the jury are not satisfied that he knew Mr. Rutland was lawfully attempting to arrest him—must relate back to and be passed on in the light of the right of self-defense as given in paragraph 9, above referred to. Reference to paragraph 9 shows that the right of self-defense was given only against an attack which had been made by Rutland.

Admittedly, from the standpoint of the state's testimony, appellant shot only after he was accosted by Rutland, who admitted that he had his pistol in his hand at the time.   Appellant testified that he was scared, and run-down, that he thought a mob was after him, and that he did not know what he did at the time of the shooting.   Appellant was a negro and had shot a white man on the same evening and shortly preceding this shooting for which he stands charged, but it is undisputed that the white man had repeatedly kicked appellant's sister on a public street before appellant shot him, and had assaulted appellant himself; and if the relative position of the parties be reversed, and it appear that appellant was a white man and

that a negro had kicked the sister of appellant on a public street shortly before the shooting in question, such an insult to a female relative would likely have been regarded as sufficient cause for belief in the existence of that degree of danger, rage and resentment sufficient to put the mind of the defendant in a manslaughter condition had the kicker been killed. The learned trial judge in this case charged on manslaughter, but we are constrained to believe that he erred in not pertinently submitting to the jury the law of appellant's right to act on the appearance of danger. When appellant shot he was trotting toward his father's house, having run or rapidly come a distance of about four miles from a town in which he had had a serious personal difficulty with a white man. As he approached his father's house a man confronted him in the dark with a pistol in his hand, and from the state's standpoint appellant then shot said man. These facts tend to support the issue of a shooting in self-defense upon the appearance of danger.

Upon more mature consideration we have arrived at the above conclusion, and feel that the original opinion, in so far as it fails to announce the conclusion now arrived at, was wrong. The motion for rehearing is granted, the judgment of affirmance is set aside, and the cause is now reversed and remanded.

*Reversed and remanded.*